# In the United States Court of Federal Claims

No. 18-980C
(Filed June 14, 2019)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| HIRIAM ORTIZ, ) | ) |
| ) Plaintiff, ) | ) Military Pay Claim; Tort Claim; Equal |
| ) | ) Protection Claim; Untimely Pay |
| v. ) | ) Claim, 28 U.S.C. § 2501 (2012); |
| ) | ) Transfer of Other Claims, 28 U.S.C. |
| THE UNITED STATES, ) | ) § 1631 (2012); Pro Se. |
| ) Defendant. ) | ) |

Hiriam Ortiz, Bayamon, PR, pro se.

Eric E. Laufgraben, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Kenneth M. Dintzer, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

The court has before it defendant's motion to dismiss, filed August 27, 2018, which is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC).[1] See ECF No. 7. The court's translated version of plaintiff's response, along with the original submission in Spanish, was filed on December 10, 2018. See ECF No. 10. The government filed its reply brief on December 21, 2018. See ECF No. 11. For the reasons stated below, defendant's motion is **GRANTED in part**, as to plaintiff's military pay claim, and **DENIED in part**, as to

---

[1]   Because the court disposes of defendant's motion on jurisdictional grounds, the court does not reach defendant's RCFC 12(b)(6) arguments.

plaintiff's defamation claim and equal protection claim, for these two claims must be transferred to a district court.

I.   Claims Alleged in the Complaint

Plaintiff Hiriam Ortiz was a member of the Puerto Rico National Guard. ECF No. 1 at 4-5 (complaint). On March 8, 2007, two of his colleagues reported to his superiors that Mr. Ortiz made inappropriate comments to female teachers that he had encountered as part of his classroom recruitment efforts. Id. Plaintiff reports that he later suffered embarrassment and negative employment consequences after these reports were received by his chain of command. Id. at 1. In his suit, plaintiff seeks "retroactive pay plus the penalty, special compensation for damages and losses including moral and emotional damages." Id.

The court acknowledges that pro se plaintiffs "are not expected to frame issues with the precision of a common law pleading." Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court. Although the complaint is not perfectly clear as to the claims contained therein, in the court's view Mr. Ortiz has alleged three types of legal claims.

The court discerns a military pay claim in the complaint, arising either from a missed promotion opportunity, or, perhaps, a discharge from the National Guard, although no dismissal from the National Guard is specifically mentioned in the complaint. ECF No. 1 at 1. The complaint also appears to allege defamation by Mr. Ortiz's colleagues and a teacher. See id. (stating that Mr. Ortiz's superior officers had "denigrated" him, and that two of his colleagues at the National Guard and the teacher should be "in front of a judge [to] explain those massive and strong allegations"). Finally, Mr. Ortiz alleges that he experienced a "lack of equal opportunity," which appears to be an equal protection claim. Id.; see also ECF No. 10 at 2 (stating that plaintiff was "discriminated against . . . because of [his] physical appearance") (emphasis removed). The court will consider each of these claims in the analysis section of this opinion.

II.  Standard of Review for Motions Brought under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

III.  Analysis

The court begins its analysis with a review of this court's subject matter jurisdiction. The court then tests each claim in the complaint to determine whether that claim is within this court's jurisdiction. The court then applies the statute of limitations to Mr. Ortiz's military pay claim. Finally, the court considers whether the other claims in the complaint should be transferred to a district court.

A.  Tucker Act Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

B.  Defamation Claim

Tort claims are specifically excluded from the jurisdiction of this court by the Tucker Act. See 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to "cases not sounding in tort"). Thus, this court cannot consider tort claims. E.g., Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Defamation is a tort, and like other tort claims, a defamation claim cannot be considered by this court. E.g., Golden v. United States, 118 Fed. Cl. 764, 769 (2014) (citations omitted).

Variants of defamation claims include claims for slander and libel; these tort claims, too, are outside of the jurisdiction of the court. Id. at 770; Brooks v. United States, 70 Fed. Cl. 479, 486-87 (2006) (citations omitted). To the extent that plaintiff brings claims of libel and slander in his suit, as well as his defamation claim, these tort claims are also outside of the jurisdiction of the court. ECF No. 10 at 1. Accordingly, this court cannot consider any of the tort claims in the complaint, including the defamation claim.

C.  Equal Protection Claim

It is well settled that claims alleging violations of the constitutional rights to due process and equal protection do not fall within this court's jurisdiction. Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988). Claims founded on these rights are not within this court's jurisdiction because these constitutional guarantees do not provide a money-mandating source of law for the claimant in this court. E.g., LeBlanc v. United

3

States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citations omitted). Equal protection claims founded on civil rights statutes are also not within this court's jurisdiction. E.g., Willis v. United States, 96 Fed. Cl. 467, 470 (2011). Thus, the court cannot consider Mr. Ortiz's equal protection claim because it lacks subject matter jurisdiction over such claims.

### D.   Military Pay Claim is Untimely

As a general matter, military pay claims are within the jurisdiction of this court. See Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Mr. Ortiz's military pay claim, however, cannot be considered by this court because it is untimely. A suit must be filed in this court within six years of the date on which the claim stated in the complaint first accrued. 28 U.S.C. § 2501 (2012). As noted by the United States Court of Appeals for the Federal Circuit, untimely military pay claims must be dismissed pursuant to section 2501. Martinez, 333 F.3d at 1300, 1310, 1320.

Plaintiff filed the instant suit on July 6, 2018. In order to be considered timely under section 2501, plaintiff's military pay claim must have accrued no earlier than July 6, 2012. If plaintiff's claim accrued before that date, then this court cannot consider the claim because it is time-barred. Further, the six-year statute of limitations in section 2501 cannot be equitably tolled by this court. FloorPro, Inc. v. United States, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012) (citations omitted). In other words, extenuating circumstances cannot excuse the filing of a claim that arose more than six years before a suit was filed in this court.

As defendant notes, the facts alleged in the complaint are asserted to have occurred in 2007 and 2009. ECF No. 7 at 4-5. The statute of limitations bar in section 2501 was the first of the challenges to the complaint mentioned in the government's motion to dismiss. Id. Nowhere in plaintiff's response to the motion to dismiss does Mr. Ortiz allege that any of the actions underlying his suit occurred after 2009. ECF No. 10; see also ECF No. 11 ("Plaintiff's response does not identify any relevant conduct that took place within the six-year limitations period.").

The court cannot create a timely claim for plaintiff where there is none stated in the complaint. See, e.g., Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (stating that there is no duty for the trial court "to create a claim which [the plaintiff] has not spelled out in his pleading") (internal quotations and citation omitted). All of the facts asserted in the complaint that might support a military pay claim took place in 2007 or 2009. Because the military pay claim alleged in the complaint is time-barred under section 2501, the court must dismiss plaintiff's military pay claim pursuant to RCFC 12(b)(1).

### E.   Transfer

Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. Because the court lacks jurisdiction over tort and equal protection claims, the court considers whether Mr. Ortiz's defamation claim and his equal protection claim should be transferred to a district court.[2] When "the record does not show that transfer would unduly burden the judicial system," transfer may be appropriate. Texas Peanut Farmers v. United States, 409 F.3d 1370, 1375 (Fed. Cir. 2005).

Here, there may be claims stated in the complaint that would be cognizable in a district court. For example, equal protection claims may be brought in a district court. E.g., Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (citations omitted). Transfer of equal protection claims from this court to a district court "ensure[s] that Plaintiffs are not deprived of their rights." Willis, 96 Fed. Cl. at 472. To ensure that Mr. Ortiz is not deprived of his rights, the court finds that transfer is in the interest of justice here.[3]

IV.    Conclusion

For the reasons stated in this opinion, plaintiff's claims cannot be litigated in this court. Accordingly,

---

[2] Because plaintiff's military pay claim is within this court's subject matter jurisdiction, transfer of that claim is not permitted under the statute. E.g., Rogers v. United States, 26 Cl. Ct. 1023, 1030 (1992).

[3] Whether any of the tort and equal protection claims in the complaint would be considered by the district court to be timely and otherwise cognizable is a question for the district court. See Butts v. United States, No. 14-128C, 2014 WL 4071649, at *2 n.3 (Fed. Cl. Aug. 15, 2014) (stating that "this court's role . . . is to merely discern whether a district court might have jurisdiction over plaintiff's claims"); Avery v. United States, No. 04-1525C, 2005 WL 6112629, at *7 (Fed. Cl. May 6, 2005) (finding transfer in the interest of justice because the court was "unable to rule out the possibility of relief in district court").

(1) Defendant's motion to dismiss, ECF No. 7, is **GRANTED in part**, as to plaintiff's military pay claim, and **DENIED in part**, as to plaintiff's defamation and equal protection claims;

(2) The clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's military pay claim, without prejudice; and

(3) The clerk's office is directed to **TRANSFER** plaintiff's defamation claim and equal protection claim to the **United States District Court for the District of Puerto Rico**; and

(4) No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge